UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR KOENITZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>R.A. ROGERS, INC, and JOHN DOES 1-25.<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ARTHUR KOENITZ (hereinafter "Plaintiff") on behalf of himself and all others similarly situated (hereinafter "Plaintiffs") by and through this undersigned attorney, alleges against the above-named Defendant, R.A. ROGERS, INC, (hereinafter "RAR") and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiffs brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the State of Jersey, County of Somerset, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant RAR is a foreign corporation with a mailing address at PO Box 3302, Crofton, Maryland 21114.

8. Defendant, RAR is a foreign corporation also with a business address at 2135 Espey Court, #7, Crofton, Maryland 21114.

9. Upon information and belief, RAR is primarily in the business of collecting debts allegedly due to another and is therefore a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiffs brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their

successors in interest (the "Class"), who were sent debt collection letters and/or notices from RAR which are in violation of the FDCPA, as described in this Complaint.

12. This action is properly maintained as a statewide class action. The Class consists of: all New Jersey consumers who were sent collection letters and/or notices from RAR, concerning a debt allegedly owed to Pentagon Federal Credit ("PFC"), which attempted to collect costs, interest or other fees to which it was not authorized by agreement, or law, to collect.

The class definition may be subsequently modified or refined.

The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a. Whether Defendant violated various provisions of the FDCPA, including but not limited:15 U.S.C. §1692e(2)(A); 15 U.S.C. §1692e(10), 15 U.S.C. §1692f and 15 U.S.C. §1692g(a)(1).

b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

    engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL ALLEGATIONS**

13. On or before May 8, 2017, Plaintiff incurred a financial obligation to Pentagon Federal Credit ("PFC").

14. The PFC obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. The PFC obligation was not incurred for business purposes.

16. The PFC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

18. Sometime prior to May 8, 2017, the PFC obligation became past due.

19. On or before May 8, 2017, PFC placed and/or referred the alleged obligation with RAR for the purpose of collection.

20. On or about May 8 2017, RAR caused to be mailed to Plaintiff a letter attempting to collect the alleged PFC obligation. A copy of said letter is annexed hereto as **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

21. The May 8, 2017 letter stated in part:

> Principal Balance: $22,282.68
>
> Collection Fees: $5,571.00
>
> Interest: $0.00
>
> **Total**: $27,853.68

22. At all pertinent times hereto, RAR was collecting an alleged debt relating to a consumer transaction, pursuant to 15 U.S.C. §1692a(5).

23. The May 8, 2017 letter sent to Plaintiff is a "communication" relating to a "debt" as defined by 15 U.S.C. §1692a(2).

24. Upon receipt, Plaintiff read the May 8, 2017 letter.

25. The "Collection Fee" of $5,571.00, represents the contingency fee agreement between RAR and PFC rather than a pre-paid, flat fee.

26. At the time RAR sent the May 8, 2017 letter, Plaintiff did not owe PFC "Collection Fees" in the amount of $5,571.00, relative to the collection of the alleged obligation.

27. At the time RAR sent the May 8, 2017 letter to Plaintiff, RAR had not billed PFC collection fees in the amount $5,571.00, relative to the collection of the alleged obligation.

28. At the time RAR sent the May 8, 2017 letter to Plaintiff, RAR had not charged PFC collection fees in the amount of $5,571.00, relative to the collection of the alleged obligation.

29. At the time RAR sent the May 8, 2017 letter to Plaintiff, PFC had not paid attorneys' collection fees to RAR in the amount of $5,571.00, relative to the collection of the alleged obligation.

30. At the time RAR sent the May 8, 2017 letter to Plaintiff, PFC had not been awarded collection fees by any Court in any jurisdiction, relating to the alleged obligation.

31. At the time RAR sent the May 8, 2017 letter to Plaintiff, RAR had not filed an action in any Court in any jurisdiction, related to the alleged debt.

32. Upon information and belief, members of the class have made payment of collection fees, which were not due and owing.

33. On or about June 20, 2017 RAR, sent a second collection letter to Plaintiff attempting to collect the PFC obligation. A copy of said letter is annexed hereto as **Exhibit B**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

34. The June 20, 2017 letter stated in part:

> Principal Balance: $22,282.68
>
> Fees: $0.00
>
> Interest: $0.00
>
> **Total**: $22,282.68

35. Between May 8, 2017 and June 20, 2017 Plaintiff did not make any payments on the PFC obligation.

36. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, RAR sent collection letters attempting to collect debts to more than 50 consumers residing within the State of New Jersey similar to the letter annexed hereto as **Exhibit A**.

37. RAR actions as described herein are part of a pattern and practice used to collect consumer debts.

38. RAR could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

### POLICIES AND PRACTICES COMPLAINED OF

39. It is RAR's policy and practice to send written collection communications, in the form annexed hereto as Exhibit C, that violate the FDCPA, by *inter alia*:

    a. Failing to accurately state the amount of the alleged debt.

    b. Attempting to collect "Collection Fee" when no such fee was due to RAR.

    c. Attempting to collect an amount greater than what was actually due.

    d. Using false, deceptive or misleading representations or means in connection with the collection of any debt.

    e. Using unfair or unconscionable means to collect or attempt to collect any debt.

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e et seq.

40. Plaintiff repeats the allegations contained in paragraphs 1 through 39 as if the same were set forth at length herein.

41. Collection letters and/or notices such as those sent by RAR, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

42. Section 1692e(2)(A) states in relevant part that a debt collector may not falsely represent the amount of the debt.

43. RAR violated Section 1692e(2)(A) by stating in the May 8, 2017 collection letter to Plaintiff and others similarly situated that "Total", included a "Collection Fee" when such collection fees were not yet, if at all, due pursuant to the underlying contract or were not permitted by law at the time RAR sent the debt collection letter.

44. Section 1692e(10) states in relevant part that a debt collector may not use false representations or deceptive means to collect or attempt to collect any debt.

45. RAR violated Section 1692e(10) by stating in the May 8, 2017 collection letter to Plaintiff and others similarly situated that "Total" included a "Collection Fee" when such collection fees were not yet, if at all, due pursuant to the underlying contract or were not permitted by law at the time RAR sent the debt collection letter.

46. By reason thereof, RAR is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated Sections 1692e of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g et seq.

47. Plaintiff repeats the allegations contained in paragraphs 1 through 46 as if the same were set forth at length herein.

48. Section 1692g(a)(1) states in relevant part: "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice contain--

(1) the amount of the debt;

\*\*\*

49. RAR violated Section 1692g(a)(1) by stating in the May 8, 2017 collection letter to Plaintiff and others similarly situated that "Total", included a "Collection Fee" when such collection fees were not yet, if at all, due pursuant to the underlying contract or were not permitted by law at the time RAR sent the debt collection letter.

50. By reason thereof, RAR is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated Sections 1692g of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f et seq.

51. Plaintiff repeats the allegations contained in paragraphs 1 through 50 as if the same were set forth at length herein.

52. Section 1692f(1) states in relevant part that: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" including the "collection of any amount (including any interest, fee, charge or expense incidental to the principal) unless such amount is expressly authorized by agreement creating the debt or permitted by law."

53. RAR violated Section 1692f by stating in the May 8, 2017 collection letter to Plaintiff and others similarly situated that "Total", included a "Collection Fee" when such collection fees were not yet, if at all, due pursuant to the underlying contract or were not permitted by law at the time RAR sent the debt collection letter.

54. By reason thereof, RAR is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated Sections 1692f of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining RAR, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring RAR to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff and the Class actual damages;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g) Awarding pre-judgment interest and post-judgment interest; and

(h) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
October 20, 2017

                                          /*s/ Joseph K. Jones*
                                          Joseph K. Jones, Esq.
                                          Jones, Wolf & Kapasi, LLC
                                          375 Passaic Avenue
                                          Fairfield, New Jersey 07004
                                          (973) 227-5900 telephone
                                          (973) 244-0019 facsimile
                                          jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                          */s/ Joseph K. Jones*
                                            Joseph K. Jones

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

     I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: October 20, 2017

                                          */s/ Joseph K. Jones*
                                          Joseph K. Jones, Esq.

# Exhibit A

P.O. Box 3302
Crofton MD 21114-0302
Address Service Requested

R.A. Rogers, Inc.
Collection Consultants

May 08, 2017

| PIN# : | Account No.: | Total Amount Due: |
|---|---|---|
|  | 640 | $27853.68 |

ARTHUR KOENITZ

RETURN IN PROVIDED ENVELOPE TO:

R.A. Rogers, Inc.
P.O. Box 3302
Crofton MD 21114-0302

✂ IMPORTANT: TO RECEIVE PROPER CREDIT BE SURE TO ENCLOSE ABOVE PORTION WITH YOUR PAYMENT IN FULL ✂



P.O. Box 3302
Crofton MD 21114-0302
Address Service Requested

Office Hours:
Mon & Tues 8:00AM to 8:00PM (EST)
Wed - Fri 8:00AM to 4:45PM (EST)

| ADDRESSEE | ACCOUNT INFO | CONTACT INFO |
|---|---|---|
| ARTHUR KOENITZ | Principal Balance: $22282.68<br>Collection Fee: $5571.00<br>Interest: $0.00<br>Total: $27853.68 | MS WALKER XT 118 |

**CREDITOR INFO 1**
PENTAGON FEDERAL
CREDIT VISA

Dear Arthur Koenitz,

This account has been sent to us for collection. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

To ensure proper credit, return the upper portion of this notice with your payment. In the event there is interest or other charges accruing on your account, the amount due may be greater than the amount shown above after the date of this notice.

New York City Department of Consumer Affairs License Number 1266249 - DCA.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: SSI, Social Security, Public Assistance, Spousal support, Alimony, Child Support, Unemployment and Disability and Veterans Benefits, Workers Comp, Public or Private Pensions, Federal student loans and student grants and federal work study funds, Ninety percent of your wages or salary earned in the last sixty days.

Questions? Contact MS WALKER XT 118 at (301) 858-1200 or (410) 793-3840. Please have your Account No. available when you call.



# Exhibit B

R.A. Rogers, Inc.
Crofton MD 21114-0302
Address Service Requested

June 20, 2017

| PIN# : | Account No.: | Total Amount Due: |
|---|---|---|
| ███████ | ███540 | $22282.68 |

ARTHUR KOENITZ
████████████████

RETURN IN PROVIDED ENVELOPE TO:

R.A. Rogers, Inc.
P.O. Box 3302
Crofton MD 21114-0302

✂ IMPORTANT: TO RECEIVE PROPER CREDIT BE SURE TO ENCLOSE ABOVE PORTION WITH YOUR PAYMENT IN FULL ✂

 

P.O. Box 3302
Crofton MD 21114-0302
Address Service Requested

Office Hours:
Mon & Tues 8:00AM to 8:00PM (EST)
Wed - Fri 8:00AM to 4:45PM (EST)

**ADDRESSEE**
ARTHUR KOENITZ
████████████████

**ACCOUNT INFO**
Principal Balance: $22282.68
Fee: $0.00
Interest: $0.00
Total:     $22282.68

**CONTACT INFO**
MS WALKER XT 118

**CREDITOR INFO 1**
PENTAGON FEDERAL
CREDIT VISA

Dear Arthur Koenitz,

This is the second notice to take care of your account with a balance of $22282.68 with the above referenced creditor. Please contact this office to set up payment arrangements or send in the referenced balance.

To ensure proper credit, return the upper portion of this notice with your payment.

New York City Department of Consumer Affairs License Number 1266249 - DCA.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: SSI, Social Security, Public Assistance, Spousal support, Alimony, Child Support, Unemployment and Disability and Veterans Benefits, Workers Comp, Public or Private Pensions, Federal student loans and student grants and federal work study funds. Ninety percent of your wages or salary earned in the last sixty days.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

Questions? call MS WALKER XT 118 at (301) 858-1200 or (410) 793-3840. Please have your Account No. available when you call.